In the Matter of the Claim of JOHN M. SCOTT, Respondent, against TOWN OF CANTON and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 27, 1935.

*Charles S. Bodman, Jr.,* and *George H. Bowers,* for the appellants.

*John M. Barr,* for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin, Assistant Attorney-General in Charge; Hector A. Robichon* of counsel], for the respondent, State Industrial Board.

RHODES, J. Claimant, employed by the town of Canton, sustained an injury to his left arm while adjusting the carburetor upon a piece of road machinery known as a grader. The parties have stipulated that the only issue to be raised on this appeal is that of wage rate.

He had worked for the town only twenty-four days. His average daily earnings were three dollars and sixty cents, and amounted to twenty-one dollars and sixty cents per week. The town superintendent testified that there were other men employed the year around on the same class of work as that of claimant; that they received the same wages, forty cents an hour, working nine hours a day, and in the winter time eight hours.

The Board has found that claimant was a year around employee. As he had not worked substantially the whole of the year, the Board was correct in deciding that subdivision 2 of section 14 of the

Workmen's Compensation Law should be applied. That section requires that in case the injured employee shall not have worked in the employment during substantially the whole of the preceding year, his annual earnings shall be measured by the average daily wage or salary which an employee of the same class, working substantially the whole of such year immediately preceding in the same employment, would have earned therein during the days when so employed.

In attempting to apply this paragraph the Board took as a basis the wages of another and experienced employee who had for several years been employed in operating a grader, and who received six dollars a day, instead of basing the rate upon that of an employee earning the same wages as claimant. This wage rate was not justified by the evidence.

Claimant was not hired simply to operate a grader. The evidence indicates that while he was a laborer, his employment was induced by the fact that he possessed some mechanical skill. He had been a steam engineer and described himself as a mechanic, not a regular machinist. He was employed to work on the grader because he was a machine operator and repair man. He testified " they could not get any men on it to run. It was broken down all the while." Outside of running the grader he repaired it, and the town superintendent testified that he was hired by the day " for the carburetor."

His wage rate should, therefore, have been based upon the earnings of an employee of the same class working substantially the whole of the preceding year, it appearing that others similarly employed the year around were paid at the same rate which he received, *i. e.*, forty cents per hour.

The award should be reversed and the claim remitted to the State Industrial Board for the purpose of making an award as herein indicated, with costs to the appellants against the State Industrial Board.

McNAMEE, CRAPSER and BLISS, JJ., concur; HILL, P. J., concurs in the result on the ground that the standard of wages used was not that of an employee of the same class.

Award reversed and claim remitted to the State Industrial Board for the purpose of making an award as indicated in the opinion, with costs to the appellants against the State Industrial Board.